RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., successor in interest to MERRILL LYNCH CREDIT CORPORATION, by and through its servicer and attorney-in-fact, PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KIRBY WESTHEIMER and JOHN DOE #1 through JOHN DOE #40, inclusive,<br><br>Defendants. | Civil Action No. 12-7080-JAP-LHG<br><br><br><br><br><br><br><br>**LOCAL CIVIL RULE<br>56.1 STATEMENT** |

Plaintiff, Bank of America, N.A., successor in interest to Merrill Lynch Credit Corporation, by and through its servicer and attorney-in-fact, PHH Mortgage Corporation ("Plaintiff"), hereby respectfully submits this Statement of Material Facts pursuant to Local Civil Rule 56.1 in conjunction with its summary judgment motion against defendant, Kirby Westheimer ("Defendant"):

1.   On or about September 15, 2008, BANA and Defendant entered into a Construction Loan Agreement, whereby, among other things, BANA agreed to make a construction loan to Defendant in the maximum principal amount of $1,500,000.00 (the "Loan"). (*See* Declaration of Jonathan P. Vuotto ("Vuotto Decl."), Ex. A, Verified Complaint ("Complaint"), ¶ 6; Ex. A.)

2. Under the Construction Loan Agreement, Defendant was to use the Loan proceeds to finance the construction of certain improvements (the "Project") to certain real property located at 210 Mercer Street, Princeton, New Jersey 08540 (the "Property"), in accordance with certain plans and specifications. (*Id.*)

3. The Project was to be completed by March 31, 2010. (*Id.*)

4. On or about September 15, 2008, to evidence his indebtedness to BANA, Defendant executed and delivered to BANA an Adjustable Rate Note (the "Note") in the principal amount of $1,500,000.00. (Verified Complaint, ¶ 8; Ex. B.)

5. To secure the performance of the Construction Loan Agreement and repayment of the Note, Defendant executed and delivered to BANA a certain mortgage (the "Mortgage") dated September 15, 2008, which, among other conditions, rights, duties and privileges as fully set forth therein, encumbers the Property. (Verified Complaint, ¶ 10; Ex. C.)

6. The Mortgage was duly recorded with the Mercer County Clerk's Office at Book 10191, Page 0403, Control No. 200810060528, Inst. No. RD 2008 035182. (Verified Complaint, ¶ 12; Ex. C.) The Construction Loan Agreement, Note and Mortgage shall be collectively referred to as the "Loan Documents."

7. Defendant defaulted on the Loan Documents because, among other reasons, he has failed to complete the Project in accordance with the terms of the Construction Loan Agreement. (Verified Complaint, ¶ 14.)

8. On May 21, 2012, Plaintiff sent Defendant a letter advising him, among other things, that he failed to comply with the terms of the Loan Documents by failing to complete the Project, that accordingly, pursuant to the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53, <u>et seq.</u>, Plaintiff provided him with a Notice of Intention to Foreclose, and that, if Defendant failed

to cure his defaults by June 18, 2012, Plaintiff may take steps to terminate his ownership of the Property by commencing a foreclosure action. (Verified Complaint, ¶ 15; Ex. D.)

9. Despite Plaintiff's demands, Defendant has failed to cure all of his defaults under the Loan Documents. (Verified Complaint, ¶ 17.)

10. As of November 12, 2012, Defendant owes the total amount of $1,234,024.20 under the Loan Documents, plus all attorneys' fees and costs incurred in connection with collecting the debt, and interest continues to accrue. (Verified Complaint, ¶ 18.)

Dated: June 7, 2013

                    RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
                    Attorneys for Plaintiff

                By:   /s/Jonathan P. Vuotto
                      Jonathan P. Vuotto