RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
Attorneys for Plaintiff

RECEIVED

NOV 1 8 2014

· ſ 6:30_____M
WILLIAM T. WALSH CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., successor in interest to MERRILL LYNCH CREDIT CORPORATION, by and through its servicer and attorney-in-fact, PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KIRBY WESTHEIMER and JOHN DOE #1 through JOHN DOE #40, inclusive,<br><br>Defendants. | Civil Action No.  12-7080-JAP-LHG<br><br><br><br><br>**FINAL JUDGMENT<br>OF FORECLOSURE** |

THIS MATTER having been opened to the Court by Bank of America N.A. successor in

interest to Merrill Lynch Credit Corporation, by and through its servicer and attorney-in-fact,

PHH Mortgage Corporation (collectively, "Plaintiff"), for a Final Judgment of Foreclosure

against Kirby Westheimer, and the promissory note and mortgage and other relevant documents

that are the subject of this action having been presented and marked as exhibits by the Court; and

proof having been submitted of the amount due on Plaintiff's mortgage; and sufficient cause

appearing;

IT is on this ___*18th*___ day of ___*Nov*___, 2014,

ORDERED AND ADJUDGED that Plaintiff is entitled to have the sum of $1,260,446.72, consisting of $1,252,946.72 being the amount owed to the Bank on the Note, dated September 15, 2008, as of May 15, 2014, and lawful interest thereafter, together with costs of this action to be taxed including counsel fees in the amount of $7,500.00 raised and paid out of the mortgaged premises referred to in the application for final judgment as the Mortgaged Premises; and

IT IS FURTHER ORDERED AND ADJUDGED that the Mortgaged Premises be sold to raise and satisfy the moneys due Plaintiff and that an execution issue for that purpose to the United States Marshals Service, commanding it to hold a sale in accordance with applicable New Jersey Law, including the New Jersey Fair Foreclosure Act, of said Mortgaged Premises and out of the moneys arising from sale that it pay the Plaintiff's debt as set forth in the aforementioned paragraph, with lawful interest thereon and costs as aforesaid, to Plaintiff or its attorney, and that in case there is a surplus remaining after said sale that such surplus be brought into court to abide the further order of the court and that the United States Marshals Service make its report of the said sale detailing the result of the sale, and disbursements made from the proceeds of the sale, if any; and

IT IS FURTHER ORDERED AND ADJUDGED that all of the defendants to this action claiming an interest in the Mortgaged Premises and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises referred to as the Mortgaged Premises shall be sold as aforesaid by virtue of this judgment; and

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff and any purchaser(s) under the foreclosure sale duly recover against the defendants and all parties holding by, through

2

or claiming under them, possession of the premises mentioned and described in the complaint as

the Properties, with the appurtenances and that a writ of possession issue thereon.

Hon. Joel A. Pisano, U.S.D.J.

3