RECEIVED

SEP 21 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BANK OF AMERICA, N.A., successor in interest to MERRILL LYNCH CREDIT CORPORATION, by and through its servicer and attorney-in-fact PHH MORTGAGE CORPORATION,

Plaintiff,

v.

KIRBY WESTHEIMER,

Defendant.

Civ. No. 12-7080 (AET) (LHG)

**OPINION**

THOMPSON, U.S.D.J.

  This matter comes before the Court upon the motion of Defendant Kirby Westheimer seeking relief from a prior judgment under Federal Rule of Civil Procedure 60(b)(2) on the basis of previously unavailable new evidence. (ECF No. 66.) Specifically, Defendant asks the Court to vacate the February 28, 2014 Order granting summary judgment in favor of Plaintiff Bank of America, N.A. (ECF No. 47.) Plaintiff opposes Defendant's motion. (ECF No. 69.) After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Defendant's motion.

BACKGROUND

  This action concerns a mortgage foreclosure on Plaintiff's home located at 210 Mercer Street in Princeton, New Jersey. Given the extensive proceedings in this matter, the Court will recount here only those facts necessary to the present motion.

  On September 15, 2008, Defendant entered into a Construction Loan Agreement ("Loan Agreement") with Plaintiff to fund construction of improvements in Defendant's home ("the

1

Project.")  The total principal amount of the loan was $1,500,000 and construction was to be completed by March 31, 2010 in the absence of an extension.  To secure the performance and repayment of the loan, Defendant executed and delivered to Plaintiff a mortgage to the home.  The Loan Agreement, Note, and Mortgage are referred to collectively as the "Loan Documents."  Article 2.5 of the Loan Agreement grants Plaintiff the right to conduct inspections of the construction at the home and allows Plaintiff to withhold loan disbursements if it finds defects.  Article 2.2 states:

> At any time during the term of the Loan, LENDER may determine that the actual cost to complete construction of the Improvements may or will exceed the sum of the Loan Proceeds and the funds representing the Cost Balance, if any.  In that event, Owner will fund such excess cost prior to any disbursement or further disbursement being made by LENDER.  In the alternative, Owner will, upon demand of LENDER, deliver the amount of such excess cost (the "Construction Cost Deficiency") to LENDER.

Ultimately the Project was not completed within the agreed timeframe, and Defendant defaulted.  Plaintiff filed the present mortgage foreclosure action on November 15, 2012.  (ECF No. 1.)  The matter was initially assigned to Judge Joel A. Pisano.  Defendant filed his Answer, asserting affirmative defenses and counterclaims on February 15, 2013.  (ECF No. 8.)  Plaintiff filed a motion to dismiss the counterclaims and for summary judgment, both of which were granted by Judge Pisano on February 28, 2014.  (ECF No. 47.)  The Court then granted Plaintiff's motion for a final judgment of foreclosure on November 18, 2014.  (ECF No. 54.)  Defendant filed a Notice of Appeal from the Court's February 28, 2014 and November 18, 2014 Orders granting judgment to Plaintiff.  (ECF No. 56.)  This appeal is still pending.

On August 14, 2015, Defendant filed the present motion seeking to reopen the case and set aside the Court's February 28, 2014 judgment under Federal Rule of Civil Procedure 60(b)(2) on the basis of new evidence obtained in October 2014.  (ECF No. 66.)  On August 17, 2015 the case was reassigned to Judge Anne E. Thompson.  (ECF No. 67.)

2

DISCUSSION

A. Legal Standard

"Generally, a notice of appeal divests the District Court of jurisdiction 'over those aspects of the case involved in the appeal.'" *Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, Federal Rule of Civil Procedure 62.1 allows the district court to issue an "indicative ruling" out of considerations of judicial economy. Rule 62.1 states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1. Plaintiff, in opposing Defendant's motion, asks the Court to deny the motion under Rule 62.1.

Under Federal Rule of Civil Procedure 60(b)(2) a court may relieve a party "from a final judgment, order, or proceeding" on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In addition to listing other grounds for setting aside a final judgment, the statute contains a catchall provision allowing the court to set aside a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Newly discovered evidence can justify a new trial 'only if such evidence (1) is material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial.'" *Coyler v. Consol. Rail Corp.*, 114 F. App'x 473, 480 (3d Cir. 2004) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)); *see also*

3

*Compass Tech. v. Tseng Lab.*, 71 F.3d 1125, 1130 (3d Cir. 1995). Furthermore such motions "should be granted only where extraordinary justifying circumstances are present." *Id*. Lastly, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In general, motions under Rule 60(b)(2) are only granted when delay is limited to one or two months. *Liguori v. Allstate Ins. Co.*, No. CIV. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015).

B. Analysis

Defendant's motion concerns this Court's February 28, 2014 Opinion dismissing Defendant's counterclaims and granting summary judgment in favor of Plaintiff. Because that Opinion is currently on appeal before the Third Circuit, this Court ordinarily would not have jurisdiction over any issues involved in that appeal. However, under Rule 62.1, if Plaintiff's motion had been timely filed, this Court could defer considering the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Because Plaintiff's motion is not timely, however, this Court must deny the motion.

As discussed, a motion for relief from judgment under Rule 60(b)(2) must be made within a reasonable time, and in no case more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c). Here, Defendant's motion is untimely because he exceeded Rule 60(c)'s strict one-year period of limitation. This Court issued the judgment from which Defendant seeks relief on February 28, 2014. Defendant filed this motion to vacate the judgment on August 14, 2015, more than eighteen months after the judgment was issued. Even if the Court were to consider the date on which Defendant reportedly received the inspection reports at issue in this claim,

October 15, 2014, that event occurred almost one year ago, well over the one or two month delay typically allowed. Defendant did not request relief under Rule 60(b)'s catchall provision, Section (b)(6), but even if Defendant had requested relief under this provision, the Third Circuit has long held that Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation." *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971). Therefore, the motion will be dismissed as untimely.

Even if Defendant's motion had been timely filed, Defendant does not meet the standard for relief under Rule 60(b)(2). Newly discovered evidence can justify relief from judgment under Rule 60(b)(2) "only if such evidence (1) is material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial." *Coyler*, 114 F. App'x 480. Defendant's new evidence does not meet the standard for materiality and would not have changed the outcome of the motion to dismiss or the motion for summary judgment. In the prior foreclosure proceedings, Defendant counterclaimed that Plaintiff was under an affirmative duty to ensure that construction of the Project was proceeding within the timeframe, budget, and specifications agreed to in the parties' Loan Agreement, and that any default on the loan resulted from Plaintiff's failure to conduct proper inspections of the Project. (February 28, 2014 Opinion at 2, ECF No. 46.) The February 28, 2014 Opinion dismissed this claim, stating that "[b]ased on the terms of the Loan Documents, . . . [Plaintiff] was under no obligation to conduct inspections, provide the results of any inspections to [Defendant], or to withhold Loan proceeds when deficiencies arose." (February 28, 2014 Opinion at 7, ECF No. 46.) Defendant now argues that if the Court had been presented with the results of the inspection reports, this Court would not have dismissed the counterclaim or granted the motion for summary judgment, because Plaintiff's knowledge of the

5

Project's deficiencies from the inspection reports created an affirmative duty not to disburse the loan. (Def.'s Br. at 4, ECF 66-1.) However, because this Court found that Plaintiff was under no obligation to provide the results of any inspections to Defendant or to withhold loan proceeds when any deficiencies arose, Plaintiff's knowledge of the Project's deficiencies could not have created any additional duties towards Defendant. Thus, the inspection reports are not material and would not have changed the outcome of the previously decided motions. Therefore, even if Defendant's motion had been timely, the motion would be denied.

## CONCLUSION

For the reasons above, the Court will deny Defendant's motion. An appropriate Order follows.

ANNE E. THOMPSON, U.S.D.J.